United States District Court
Southern District of Texas
**ENTERED**
November 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINIDAD OLIVAREZ, <br> TDCJ #1634745, <br><br> Plaintiff, <br><br> v. <br><br> DAKOTA DAVIDSON, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-16-3310 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trinidad Olivarez has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that Defendant Dakota Davidson used excessive force against him during his confinement in the Texas Department of Criminal Justice ("TDCJ"). Pending before the court is Defendant Davidson's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 28). Olivarez has not filed a response and his time to do so has expired. After considering all of the pleadings, the exhibits, and the applicable law, the court will grant the Defendant's MSJ and will dismiss this case for the reasons explained below.

## I. <u>Background</u>

Olivarez is presently incarcerated at the Wynne Unit in Huntsville.[1] The Complaint stems from a use of force that occurred at the Wynne Unit on February 10, 2015.[2] Olivarez contends that Davidson, who was employed by TDCJ as a correctional officer at the Wynne Unit facility, assaulted him for no reason by striking him with closed fists and kicking him in the face repeatedly.[3] Olivarez seeks compensatory and punitive damages under 42 U.S.C. § 1983 for the violation of his constitutional rights.[4]

Davidson moves for summary judgment, arguing that Olivarez's claim for monetary damages against him in his official capacity as a state employee is barred by the Eleventh Amendment.[5] Davidson argues further that Olivarez cannot establish a constitutional violation and, therefore, he is entitled to qualified immunity from any claim against him in his personal capacity.[6] In support of that argument, Davidson has provided an administrative report

---

[1]Complaint, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers refer to the pagination inserted by the court's electronic filing system, CM/ECF.
[2]<u>Id.</u> at 7.
[3]<u>Id.</u>
[4]<u>Id.</u> at 4, 11.
[5]Defendant's MSJ, Docket Entry No. 28, pp. 12-13.
[6]<u>Id.</u> at 7-12.

regarding the use of force (the "Use of Force Report").[7]

According to the Use of Force Report, Olivarez and Officer Davidson had a verbal exchange while Olivarez was on his way to the chow hall for dinner on February 10, 2015.[8] When Olivarez took two steps towards Davidson with his hands raised, Davidson felt threatened and tackled Olivarez to the ground, striking Olivarez several times with a closed fist.[9] Olivarez fought back and grabbed or gouged Davidson in the right eye.[10] Davidson then struck Olivarez three more times as Olivarez continued to grab his right eye.[11] At that time, other officers arrived and restrained Olivarez.[12] After the use of force, Olivarez was examined by a licensed vocational nurse, who noted that he did not sustain any injury as a result of the altercation.[13]

## II. Standard of Review

Defendant's MSJ is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also

---

[7]Use of Force Report, Docket Entry No. 28-1, pp. 3-9.
[8]Id. at 4.
[9]Id.
[10]Id.
[11]Id.
[12]Id.
[13]Id. at 6-9.

Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id.

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). However, the non-movant "cannot rest on [his] pleadings" where qualified immunity is asserted. Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001) (emphasis in original). Nor can the non-movant avoid summary judgment simply by presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." Jones v. Lowndes County, Mississippi, 678 F.3d 344, 348 (5th Cir. 2012) (quoting TIG Ins. Co. v. Sedgwick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002)); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). If the movant demonstrates an "absence of evidentiary support in the record for the nonmovant's case," the burden shifts

to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." Sanchez v. Young County, Texas, 866 F.3d 274, 279 (citing Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 812 (5th Cir. 2010)); see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

The plaintiff proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, "pro se parties must still brief the issues and reasonably comply with [federal procedural rules]." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)(citations omitted). The Fifth Circuit has held that "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise a pro se party of his burden in opposing a summary judgment motion. Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

### III. Discussion

**A. Official Immunity Under the Eleventh Amendment**

Davidson maintains that any claim for monetary damages in his official capacity as a TDCJ employee is precluded by the Eleventh

-5-

Amendment to the United States Constitution.[14] Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002).

As a state agency, TDCJ is immune from a suit for money damages under 42 U.S.C. § 1983. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment also bars a recovery of money damages under § 1983 from state employees in their official capacity. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). To the extent that Olivarez sues Davidson for actions taken in his official capacity as a state employee, his claim for monetary damages is barred by the Eleventh Amendment. Accordingly, the Defendant's MSJ on this issue will be granted.

B.  **Qualified Immunity**

Davidson argues that Olivarez fails to show that excessive

---

[14]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Federal court jurisdiction is restricted by the Eleventh Amendment and the principle of sovereign immunity that it embodies. See Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1122 (1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 104 S. Ct. 900, 908-09 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court).

force was used in violation of the Eighth Amendment to the United States Constitution. Arguing further that Olivarez fails to establish that any constitutional violation occurred, Davidson maintains that he is entitled to qualified immunity from claims against him in his individual or personal capacity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982)). This is an "exacting standard," City & Cty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015), that "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (quoting Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986)). A plaintiff seeking to overcome qualified immunity must satisfy a two-prong inquiry by showing: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citation omitted). If the plaintiff satisfies both prongs of this inquiry, the court then asks whether qualified immunity is nevertheless appropriate because the official's actions were objectively reasonable in light of law that was clearly established when the disputed action occurred. See Brown v. Callahan, 623 F.3d

249, 253 (5th Cir. 2010). "Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury." Id. (citation omitted). "An official's actions must be judged in light of the circumstances that confronted him and the facts that were available to him, without the benefit of hindsight." Id. (citation omitted).

As this standard reflects, "[a] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." King v. Handorf, 821 F.3d 650, 653-54 (5th Cir. 2016) (internal quotation marks and citations omitted). "The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." Id. at 654 (quoting Gates v. Texas Dep't of Protective & Regulatory Servs., 537 F.3d 404, 419 (5th Cir. 2008)). "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" Id. (quoting Manis v. Lawson, 585 F.3d 839, 843 (5th Cir. 2009)).

Davidson points to the Use of Force Report and argues that Olivarez cannot satisfy the first prong of the qualified immunity analysis because he cannot show that excessive force was used or that a constitutional violation occurred. Claims of excessive use

of force in the prison context are governed by the Eighth Amendment, which prohibits cruel and unusual punishment, i.e., the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (quoting Estelle v. Gamble, 97 S. Ct. 285, 291 (1976)). Not every malevolent touch by a prison guard gives rise to a constitutional violation under the Eighth Amendment. See Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The Constitution excludes from recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Hudson, 112 S. Ct. at 1000 (citation and quotation omitted).

To prevail on an excessive-use-of-force claim under the Eighth Amendment, a plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm." Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996) (citing Hudson, 112 S. Ct. at 998). Relevant factors to consider in evaluating an excessive-use-of-force claim include: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to

temper the severity of a forceful response. See Hudson, 112 S. Ct. at 999; Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999).

Addressing all five of the above-referenced factors from Hudson v. McMillian, Davidson argues that the amount of force used was tempered by his effort to verbally reason with Olivarez during the encounter and was necessary only because of Olivarez's aggressive behavior, which Davidson reasonably perceived as a threat.[15] Noting that Olivarez was the aggressor who fought with him by gouging him in the eye, Davidson adds that the force used was proportionate to the need to restore order.[16] More importantly, Davidson argues that Olivarez's claim must fail because the record shows that he suffered no injury and required no medical treatment as a result of the altercation.[17] This factor is dispositive for reasons outlined below.

Olivarez alleges that he sustained the following injuries as a result of his altercation with Davidson: (1) temporary blindness in his left eye due to swelling; (2) a "busted lip"; and (3) contusions, knots, and bruises on his face and forehead.[18] Olivarez's allegations are refuted by the medical determination made by the nurse, who examined Olivarez several hours after the

---

[15]Defendant's MSJ, Docket Entry No. 28, pp. 11-12.
[16]Id. at 11.
[17]Id. at 10-11.
[18]Complaint, Docket Entry No. 1, p. 8; More Definite Statement, Docket Entry No. 20, p. 4.

use of force occurred and observed that he did not require any treatment because he suffered "[n]o injury."[19] Without evidence showing that he suffered an injury that was more than de minimis, Olivarez cannot establish an excessive force claim or a violation of the Eighth Amendment. See, e.g., Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (holding that a sore, bruised ear lasting for three days was de minimis and would not support an excessive force claim); Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (per curiam) (concluding that where the prisoner suffered no injury, the use of physical force was de minimis and was not repugnant to the conscience of mankind). Likewise, to the extent that Olivarez suffered any mental or emotional injuries,[20] he cannot recover monetary damages in the absence of a physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . .").

Olivarez, who has not responded to the motion for summary judgment, does not raise a genuine issue of material fact regarding the extent of his injury or any of the other Hudson factors. The record does not otherwise contain admissible evidence to support

---

[19] Use of Force Report, Docket Entry No. 28-1, pp. 7-8.

[20] More Definite Statement, Docket Entry No. 20, p. 4 (referencing emotional injuries including loss of sleep, nightmares, fear, and depression).

Olivarez's allegations or that would tend to show that Davidson violated clearly established law under the Eighth Amendment by using excessive force in a manner that was cruel and unusual. Based on this record, Olivarez has not established a constitutional violation or overcome Davidson's entitlement to qualified immunity. Because Olivarez has not raised a genuine issue for trial, Defendant's MSJ will be granted.

### IV. Conclusion and Order

Accordingly, it is **ORDERED** that Defendant Dakota Davidson's Motion for Summary Judgment (Docket Entry No. 28) is **GRANTED** and this action is will be dismissed with prejudice.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 28th day of Nov., 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE